Al Pipkin v. Rochelle Watson















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-081-CV

     AL PIPKIN,
                                                                              Appellant
     v.

     ROCHELLE WATSON,
                                                                              Appellee
 

From the County Court at Law No. 4
Dallas County, Texas
Trial Court # CC98-7283-D
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Al Pipkin appeals from an order dismissing his case for want of prosecution. The clerk’s
record was filed on January 6, and there is no reporter’s record. On March 23, we notified
Pipkin that his brief was due on February 5 and directed that it be filed within 30 days. No
brief was filed, and Pipkin was again reminded of the past-due date on May 11. He has never
responded to our request that a brief be filed. Rule of Appellate Procedure 38.8(a) provides
that if an appellant fails to timely file a brief, the appellate court may dismiss the appeal for
want of prosecution. Tex. R. App. P. 38.8(a)(1).
      More than four months have passed since Pipkin’s brief was originally due. By letter
dated May 11, we notified Pipkin of this defect and warned him that his appeal would be
dismissed for want of prosecution if he did not file a brief within 10 days. Id. 42.3. Pipkin
has not responded to our letter. Therefore, this appeal is dismissed for want of prosecution. 
Id. 38.8(a)(1).
 
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray 
Dismissed for want of prosecution
Opinion delivered and filed June 7, 2000
Do not publish



;           

      Michael Wisdom appeals his conviction for aggravated sexual assault. Wisdom pleaded
guilty, and the jury assessed punishment at eighteen years in prison. In two points of error
Wisdom complains that the trial court erred in admitting his wife's testimony that she attempted
to discourage her sister (the victim's mother) from reporting the offense to the police.
      In point one Wisdom contends that the trial court erred in admitting the hearsay testimony of
his wife, Deborah Wisdom. Wisdom called his wife to testify concerning his eligibility for
probation. She testified that she had been married to Wisdom for ten years, that he had never been
convicted of a felony offense, that he was employed as a truck driver, and that, whatever
punishment the jury gave, she would be emotionally supportive of her husband. On cross-examination the prosecutor elicited the following:
QMrs. Wisdom, I need to ask you a couple of questions. All right? When this
happened, how was it that you found out?
. . . .
AI was given a note.
QBy whom?
ABy my niece Jennifer.
. . . .
QWhat did you do with that note after you got it and you read it?
AI called Jennifer into my room.
QTalked to Jennifer?
AUh-huh.
QAnd then what did you do?
AI called Mike.
. . . .
QDid you confront him with the note?
AYeah. I handed him the letter, the note.
QDid he read it?
AUh-huh.
QAnd what did he say?
AHe said, "I have a problem, and I need help."
QWhat did you say to him?
AI asked him to leave.
QAnd he did that?
AUh-huh.
QAll right. And then you contacted Donna?
AUh-huh.
. . . .
QOkay. Did you have any conversations with Donna about not reporting this incident
to the police?
[Defense Attorney]: I object, Judge. Rule 404(b), and it's also hearsay.
[Prosecutor]: Not if she's said she had a conversation, what she said. Judge,
they are saying she's going to support the defendant, going to stand behind him. I'm
asking whether she was standing beside him trying to prevent the police finding out
about it at the time.
THE COURT: Ask that question. I'll allow that question.
QDid you talk to Donna about not reporting this to the police?
AYes.
QYou didn't want her to, did you?
ANo.
QAll right. And she ultimately did?
AYes.
[Prosecutor]: All right. That's all I have, Judge.

      Wisdom argues that his wife's testimony, objected to by defense counsel, is "backdoor"
hearsay because it places into evidence the facts of an out-of-court statement offered to prove the
truth of the matter asserted. Although the wife's out-of-court "statement" was not directly offered
or introduced into evidence, when there is an inescapable conclusion that a piece of evidence is
being offered to prove a statement made outside the courtroom, a party may not circumvent the
hearsay prohibition through artful questioning designed to elicit hearsay indirectly.


 A jury is not
likely to distinguish between a direct recitation (e.g., "I told Donna that I did not want her to
report this incident to the police") and an indirect reference to the out-of-court statement (i.e.,
"Did you talk to Donna about not reporting this [incident] to the police?"). Therefore, we hold
that the trial court improperly allowed the State to introduce the hearsay testimony before the jury.
      By its next question, however, the State offered Mrs. Wisdom's direct testimony, rather than
her out-of-court statement, that she did not want her sister to report the incident to the police. No
objection was made to Mrs. Wisdom's direct testimony, which was not subject to a hearsay
objection. Therefore, any complaint about the admission of the indirect hearsay was rendered
harmless when the same evidence came in by Mrs. Wisdom's direct testimony.


 As a result, we
overrule point of error one.
      In point two Wisdom contends that the trial court erred in "not making a determination in the
record as to why admitted evidence was more probative than prejudicial under Texas Rules of
Criminal Evidence 404(b)." When a defendant objects under Rule 404(b), it is incumbent upon
the State to satisfy the trial court that the "other crime, wrong, or act" has relevance apart from
its tendency "to prove the character of a person in order to show that he acted in conformity
therewith."


 The trial court should honor any request by the opponent of the evidence for
articulation into the record of the purpose for which evidence is ultimately admitted by the trial
court.


 However, Wisdom never requested the court to articulate the "other purpose" for which
the evidence was admitted. Furthermore, Wisdom's point on appeal is worded in terms of an
objection under Rule 403 that the probative value of the evidence is substantially outweighed by
the danger of unfair prejudice.


 An objection under Rule 404(b) will no longer suffice to require
the trial court to balance the probativeness and prejudice under Rule 403.


 Because Wisdom never
requested the court to articulate the "other purpose" for which the evidence was admitted under
Rule 404(b), and because he failed to further object under Rule 403, we overrule point of error
two.
      We affirm the judgment.
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 6, 1994
Do not publish